IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: <br><br> ROOSTER ENERGY, L.L.C., <br><br> Debtor. | § § § § § § § § | Chapter 11 <br><br> Case No. 17-50705 |
| IN RE: <br><br> COCHON PROPERTIES, LLC, <br><br> Debtor. | § § § § § § § § | Chapter 11 <br><br> Case No. 17-50706 |
| IN RE: <br><br> ROOSTER ENERGY LTD., <br><br> Debtor. | § § § § § § § § | Chapter 11 <br><br> Case No. 17-50707 |
| IN RE: <br><br> ROOSTER PETROLEUM, LLC, <br><br> Debtor. | § § § § § § § § | Chapter 11 <br><br> Case No. 17-50708 |
| IN RE: <br><br> ROOSTER OIL & GAS, LLC, <br><br> Debtor. | § § § § § § § § | Chapter 11 <br><br> Case No. 17-50709 |
| IN RE: <br><br> MORRISON WELL SERVICES, LLC, <br><br> Debtor. | § § § § § § | Chapter 11 <br><br> Case No. 17-50710 |

1

| | § | |
|---|---|---|
| IN RE: | § § § | Chapter 11 |
| PROBE RESOURCES US LTD., | § § | Case No. 17-50711 |
| Debtor. | § § § | |

### DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES

NOW INTO COURT, through undersigned counsel, come Rooster Energy, L.L.C., Rooster Energy Ltd., Rooster Petroleum, LLC, Rooster Oil & Gas, LLC, Probe Resources US Ltd., Cochon Properties, LLC, and Morrison Well Services, LLC (collectively, "Debtors"), who file this *Emergency Motion for Entry of an Order Directing Joint Administration of Their Chapter 11 Cases* (the "Motion"). In support of the Motion, the Debtors rely on the *Declaration of Kenneth F. Tamplain, Jr. in Support of First Day Motions* (the "Tamplain Declaration"), concurrently filed with the Court on the Petition Date, and respectfully represent as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The Court possesses the requisite authority to grant the relief requested herein pursuant to Section 105 of the Bankruptcy Code, Rule 1015 of the Bankruptcy Rules and Rule 1015-1 of the Bankruptcy Local Rules.

### BACKGROUND

2. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing these Chapter 11 Cases. The factual background regarding the Debtors,

including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the Tamplain Declaration, concurrently filed with the Court on the Petition Date and fully incorporated herein by reference.

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108. As of the date hereof, no trustee or examiner has been requested in the Chapter 11 Cases, and no committee has been appointed.

## REQUESTED RELIEF

4. The Debtors request entry of an order authorizing joint administration of their Cases for procedural purposes, with the case of Rooster Energy, L.L.C. as the lead case.

## BASIS FOR REQUESTED RELIEF

5. Bankruptcy Rule 1015(b) provides, in relevant part, "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." As explained in the Tamplain Declaration, the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested.

6. The joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. Entering an order directing joint administration of the Debtors' chapter 11 cases will avoid the need for duplicative notices, motions and applications, thereby saving time and expense. Joint administration also will enable parties in interest in each of the above-captioned chapter 11 cases to be apprised of the various matters before the Court in all of these cases

7.  Furthermore, because these cases involve numerous potential creditors, the entry of an order of joint administration will: (a) significantly reduce the volume of pleadings that otherwise would be filed with the Clerk of this Court; (b) render the completion of various administrative tasks less costly; (c) minimize the number of unnecessary delays associated with the administration of separate chapter 11 cases; and (d) protect the creditors of each of the Debtors' estates against potential conflicts of interest.

8.  Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only.

9.  Consistent with the practices of this district and other districts, if the Court authorizes joint administration, the number of the lowest numbered bankruptcy case is to be captioned first and the caption of the lowest numbered case is to serve as the identifying caption. In order to optimally and economically administer these pending Cases, these Cases should be jointly administered, for procedural purposes, under the case number assigned to Rooster Energy, L.L.C. *See, e.g.*, *In re Harvest Oil & Gas, LLC et al.*, 15-50748 (Bankr. W.D. La. June 19, 2015); *In re Piccadilly, LLC, et al.*, 12-51127 (Bankr. W.D. La. Sept. 21, 2012); *In re La. Riverboat Gaming P'ship*, 08-10824 (Bankr. W.D. La. Mar. 12, 2008); *In re Communications Corp. of Am.*, 06-50410 (Bankr. W.D. La. June 7, 2006).

10. The Debtors request that single docket sheets be maintained for all matters occurring in these Cases, and that they be authorized, but not required, to use combined service lists and notices to creditors. Notwithstanding the entry of an order granting the relief requested by this Motion, separate claims registers shall be maintained and each creditor shall file a proof

of claim against a particular Debtor's estate. Thus, the rights of all creditors will be enhanced by the reduced costs resulting from joint administration. This Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these Cases by the Office of the United States Trustee will be simplified.

11. By reason of the foregoing, the interests of the Debtors and their creditors would be best served by joint administration of the above-captioned Cases. Accordingly, the Debtors request that the caption of their Cases be modified to reflect the joint administration of the Cases, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **IN RE:** § | § | **Chapter 11** |
| **ROOSTER ENERGY, L.L.C., et al.**[1] | § | **Case No. 17-50705** |
| **Debtors.** | § | **(Jointly Administered)** |

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Rooster Energy, L.L.C. (7323); Rooster Energy Ltd. (9700); Rooster Petroleum, LLC (8665); Rooster Oil & Gas, LLC (8968); Probe Resources US Ltd. (0456); Cochon Properties, LLC (1694); and Morrison Well Services, LLC (9531). The Debtors' service address is 16285 Park Ten Place, Suite 120, Houston, TX 77084.

12. Pursuant to section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address and last 4 digits of the taxpayer identification number of the debtor." The Proposed Caption contains all of the required information and, therefore, satisfies the terms of section 342(c) of the Bankruptcy Code.

13. The Debtors also request that the Clerk of Court enter the following notation on the docket of each of the Debtors' Cases to reflect the administration of the Cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Rooster Energy, L.L.C. (17-50705); Cochon Properties, LLC (17-50706); Rooster Energy Ltd. (17-50707); Rooster Petroleum, LLC (17-50708); Rooster Oil & Gas, LLC (17-50709); Morrison Well Services, LLC (17-50710); and Probe Resources US Ltd. (17-50711), and the docket for Rooster Energy, L.L.C. should be consulted for all matters affecting these jointly administered cases.

14. The Debtors further request that: (a) a single docket sheet shall be maintained for all matters occurring in these cases, however, separate claims registers shall be maintained and each creditor shall file a proof of claim against a particular Debtors' estate; (b) a combined service list shall be used; and (c) combined notices to creditors of the estates shall be used

15. For the reasons set forth above, the Debtors respectfully submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors and other parties in interest and, therefore, should be granted.

## **NOTICE**

16. Notice of this Motion will be given to: (a) the U.S. Trustee; (b) counsel to Angelo, Gordon Energy Servicer, LLC; (c) the parties included on each Debtors' list of 20 largest unsecured creditors; (d) the Securities and Exchange Commission; (e) the British Columbia Securities Commission; and (f) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no further notice is necessary for this Court to enter the Order granting the relief requested by this Motion.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto, granting: (i) the relief requested herein; and (ii) such other and further relief to the Debtors as the Court may deem proper.

Dated: June 2, 2017

                                           Respectfully submitted,

                                           **BAKER, DONELSON, BEARMAN,**
                                           **CALDWELL & BERKOWITZ, P.C.**

                                           By: */s/ Jan M. Hayden*
                                                Jan M. Hayden
                                                Louisiana Bar No. 6672
                                                Edward H. Arnold III
                                                Louisiana Bar No. 18767
                                                Lacey Rochester
                                                Louisiana Bar No. 34733
                                                201 St. Charles Avenue, Suite 3600
                                                New Orleans, Louisiana 70170
                                                Telephone: (504) 566-5200
                                                Facsimile: (504) 636-4000
                                                jhayden@bakerdonelson.com

                                                AND

                                                Susan C. Mathews (*pro hac vice application pending*)
                                                Texas Bar No. 05060650
                                                Daniel J. Ferretti (*pro hac vice application pending*)
                                                Texas Bar No. 24096066
                                                1301 McKinney St., Suite 3700
                                                Houston, TX 77010
                                                (713) 650-9700
                                                (713) 650-9701 – Facsimile
                                                smathews@bakerdonelson.com
                                                dferretti@bakerdonelson.com

                                           *Proposed Counsel for the Debtors and Debtors in Possession*