**SO ORDERED.**

**SIGNED June 26, 2017.**



_____
**ROBERT SUMMERHAYS**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **ROOSTER ENERGY, L.L.C.,** *et al.*[1] | § | **Case No. 17-50705** |
| | § | |
| **Debtors.** | § | **(Jointly Administered))** |
| | § | |

### ORDER AUTHORIZING ROOSTER PETROLEUM, LLC TO OBTAIN
### POSTPETITION FINANCING OF INSURANCE PREMIUM

THIS CAUSE came on for hearing on the 23rd day of June, 2017 upon the Debtors' Emergency

Motion for Order Pursuant to 11 U.S.C. §§ 105, 364, Fed. R. Bankr. P. Rule 4001(c) authorizing Rooster

Petroleum, LLC ("Rooster Petroleum") to obtain post petition financing of insurance premium (the

"Motion"). The Court, having considered the Motion and the statements of counsel present, and it

appearing that cause has been shown for the entry hereof and that no further notice need be given, and the

Court being fully advised in the premises it is

_____

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Rooster Energy, L.L.C. (7323); Rooster Energy Ltd. (9700); Rooster Petroleum, LLC (8665); Rooster Oil & Gas, LLC (8968); Probe Resources US Ltd. (0456); Cochon Properties, LLC (1694); and Morrison Well Services, LLC (9531). The Debtors' service address is 16285 Park Ten Place, Suite 120, Houston, TX 77084.

{OR650193;2}
4835-8865-9274 v5
2909093-000015 06/21/2017

ORDERED and ADJUDGED that:

1.      The Motion is granted to the extent provided herein and any objections thereto are overruled.

2.      Rooster Petroleum is authorized, but not directed, to: (a) enter into the premium finance agreement attached to the Motion as Exhibit "1" (the "Agreement"), which is made a part hereof by reference; (b) grant PREMIUM ASSIGNMENT CORPORATION ("PAC"), or its successor or assigns a first priority lien on and security interest in unearned premiums as described in the Agreement; and (c) pay PAC or its successor or assigns all sums due under the Agreement.

3.      The liens, security interests and rights in unearned premiums granted under the Agreement are senior to the lien of any DIP Lender in this Case and are senior to any claims under 11 U.S.C. §§ 503, 506(b) or 507(b).

4.      If additional premiums become due to insurance companies under the policies financed under the Agreement, Rooster Petroleum and PAC or its successor or assigns are authorized to modify the Agreement as necessary to pay the additional premiums without the necessity of further hearing or order of this Court.

5.      In the event PAC or its assigns fail to receive any payment due under the Agreement within fifteen (15) days of the due date, the automatic stay provided by 11 U.S.C. § 362 shall thereupon be terminated without the necessity of a motion, further hearing or order of this Court solely to permit PAC or its successor or assigns to exercise its rights and remedies under the Agreement, including without limitation the rights to: (a) cancel the financed insurance policy(ies), and (b) collect and apply unearned premiums payable under the financed policy(ies) to the balance owed under the Agreement.

6.      If the collection and application of unearned premiums is insufficient to pay the balance owed under the Agreement, PAC or its successor or assigns may within 21 days after the collection and application of such unearned premiums file a proof of claim for the unsatisfied amount of any indebtedness under the Agreement notwithstanding the passage of any bar date for the filing of proofs of claim.

7.      The rights of PAC or its successor or assigns under the Agreement are fully preserved and protected and shall remain unimpaired by this Bankruptcy proceeding, and shall remain in full force and effect, notwithstanding the subsequent conversion of this proceeding to one under Chapter 7 or any other provision of the United States Bankruptcy Code.

8.      The terms of this Order shall be subject in all respects to any order governing the use of cash collateral entered in these chapter 11 cases.

9.      In order to enable Rooster Petroleum to have immediate insurance coverage, the fourteen day stay of this order pursuant to Bankruptcy Rule 6004(h) shall not apply, and the relief herein granted is effective immediately upon entry.

10.     The Court retains jurisdiction to construe and enforce this Order.


                                        ###



Prepared and submitted by:


**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**

*/s/ Jan M. Hayden*
Jan M. Hayden (LA Bar No. 6672)
Edward H. Arnold, III (LA Bar No. 18767)
Lacey E. Rochester (LA Bar No. 34733)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Fax: (504) 636-4000
Email: jhayden@bakerdonelson.com
harnold@bakerdonelson.com
lrochester@bakerdonelson.com

AND

**Susan C. Mathews** (*admitted pro hac vice*)
Texas Bar No. 05060650
Federal ID No. 8479

**Daniel J. Ferretti** (*admitted pro hac vice*)
Texas Bar No. 24096066
Federal ID No. 2741909
1301 McKinney St., Suite 3700
Houston, TX 77010
(713) 650-9700
(713) 650-9701 – Facsimile
smathews@bakerdonelson.com
dferretti@bakerdonelson.com

*Counsel for the Debtors and Debtors in Possession*

{OR650193;2}
4835-8865-9274 v5
2909093-000015 06/21/2017